*E-Filed 7/13/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KAOMANG P. SAELIAW,<br><br>    Petitioner,<br><br>    v.<br><br>KATHLEEN ALLISON, Warden,<br><br>    Respondent. | No. C 11-2716 RS (PR)<br><br>**ORDER OF DISMISSAL;**<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** |

This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. Petitioner was ordered to file a complete application to proceed *in forma pauperis* ("IFP"), or pay the filing fee of $5.00, within 30 days, or face dismissal of the action. More than 30 days have passed and petitioner has not paid the filing fee or filed an IFP application. Accordingly, the action is DISMISSED without prejudice to petitioner paying the filing fee or filing a properly completed IFP application.

Petitioner has filed a motion for the appointment of counsel. (Docket No. 2.) There is no right to counsel in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of

justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court, *see Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), and should be granted only when exceptional circumstances are present. *See* generally 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383–86 (2d ed. 1994).

The request for the appointment of counsel, and the petition, were prepared by petitioner's state appellate counsel. Petitioner asserts in these filings that an attorney must be appointed because (1) "the issues in this case are too complex for an untrained, pro se petitioner to adequately address"; and (2) petitioner is "deaf, mentally ill, and developmentally disabled." The petition, however, fails to support the first contention. More specifically, the petition, though prepared by an attorney, fails to state a claim remediable on federal habeas review, or indicate in any way that the issues are sufficiently complex to require the assistance of counsel. The sole issue raised in the petition, and the sole issue raised on direct state review, is that petitioner's sentence violates the Eighth Amendment because petitioner has "suffered deprivation and abuse his whole life." This does not state a claim for relief on federal habeas review. A criminal sentence that is not proportionate to the crime for which the defendant was convicted violates the Eighth Amendment. *Solem v. Helm*, 463 U.S. 277, 303 (1983). Yet "outside the context of capital punishment, successful challenges to the proportionality of particular sentences will be exceedingly rare." *Id.* at 289–90. Eighth Amendment jurisprudence "gives legislatures broad discretion to fashion a sentence that fits within the scope of the proportionality principle — the precise contours of which are unclear." *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003) (internal quotations and citations omitted). "The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Ewing*, 538 U.S. at 23 (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring)). Where it cannot be said as a threshold matter that the crime committed and the sentence imposed are grossly disproportionate, it is

not appropriate to engage in a comparative analysis of the sentence received by the defendant to those received by other defendants for other crimes. *See United States v. Harris*, 154 F.3d 1082, 1084 (9th Cir. 1998).

In *Harmelin*, the Supreme Court upheld a life sentence without the possibility of parole for an offender who had no prior felony convictions and whose sole conviction was for possessing 672 grams of cocaine. 501 U.S. at 995, 961. In *Andrade*, the Supreme Court, under the highly deferential AEDPA standard, upheld a sentence of two consecutive 25 year terms for the nonviolent theft of $150 worth of videotapes. 538 U.S. at 77.

Under these precedents, petitioner has not stated a claim that is remediable under federal habeas review. Petitioner was sentenced to an indeterminate life-term for beating and sodomizing a partially-paralyzed 70-year-old man. *People v. Saeliaw*, No. A120887, 2010 WL 1661108, at *1 (Cal. Ct. App. January 15, 2010). If, as in *Harmelin*, a life sentence for a nonviolent drug possession conviction was found not to violate the Eighth Amendment, then petitioner's indeterminate life sentence for his violent crimes similarly will not rise to a violation of the Eighth Amendment.

Furthermore, petitioner, who was 16 at the time of the crimes, does not fall under any exceptions to the general rule announced above. The Supreme Court has found that specific sentences for certain categories of persons do violate the Eighth Amendment. For example, the Supreme Court has found that death sentences for juveniles, *Roper v. Simmons*, 543 U.S. 551 (2005), and the mentally retarded, *Atkins v. Virginia*, 536 U.S. 304 (2002), and sentences of life without parole for juveniles for non-homicide convictions, *Graham v. Florida*, 130 S. Ct. 2011 (2010), are categorically disproportionate and therefore violate the Eighth Amendment. Petitioner was not sentenced to death nor to a term of life without parole, but rather to a term of 25 years-to-life, plus nine years.

As a further consideration, the Court notes that petitioner will be limited to this Eighth Amendment claim, as it was the sole claim exhausted in state court, a claim the Court has shown is unremediable on federal review. Petitioner, then, has made no showing that his

case presents issues of such complexity that counsel is required to present his petition to the Court. For that same reason, petitioner also has not shown that exceptional circumstances are present, or that the interests of justice require the appointment of counsel. Accordingly, petitioner's request for the appointment of counsel is DENIED.

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk shall enter judgment in favor of respondent, terminate Docket No. 2, and close the file.

**IT IS SO ORDERED**.

DATED: July 13, 2011

RICHARD SEEBORG
United States District Judge