*E-Filed 8/11/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KAOMANG P. SAELIAW, | No. C 11-2716 RS (PR) |
| Petitioner, | **ORDER REOPENING ACTION;** |
| v. | **ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;** |
| KATHLEEN ALLISON, Warden, | |
| Respondent. | **ORDER DISMISSING PETITION WITH LEAVE TO AMEND** |

## INTRODUCTION

This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. The action was dismissed because petitioner failed to pay the filing fee or file a complete application to proceed *in forma pauperis* ("IFP"), within 30 days. Petitioner having filed a complete IFP application, the action is hereby REOPENED. Petitioner's motion to proceed IFP (Docket No. 9) is GRANTED. The petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. The Clerk is directed to reopen the action, and to terminate Docket No. 9.

//

//

## BACKGROUND

According to the petition, in 2008, petitioner was convicted in state court of beating and sodomizing a partially-paralyzed 70 year-old man. Consequent to the verdict, petitioner was sentenced to a term of 25 years-to-life, plus nine years.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The sole issue raised in the petition, and the sole issue raised on direct state review, is that petitioner's sentence violates the Eighth Amendment because petitioner has "suffered deprivation and abuse his whole life." This does not state a claim for relief on federal habeas review. A criminal sentence that is not proportionate to the crime for which the defendant was convicted violates the Eighth Amendment. *Solem v. Helm*, 463 U.S. 277, 303 (1983). Yet "outside the context of capital punishment, successful challenges to the proportionality of particular sentences will be exceedingly rare." *Id.* at 289–90. Eighth Amendment jurisprudence "gives legislatures broad discretion to fashion a sentence that fits within the scope of the proportionality principle — the precise contours of which are unclear." *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003) (internal quotations and citations omitted). "The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Ewing*, 538 U.S. at 23 (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J.,

concurring)).  Where it cannot be said as a threshold matter that the crime committed and the sentence imposed are grossly disproportionate, it is not appropriate to engage in a comparative analysis of the sentence received by the defendant to those received by other defendants for other crimes.  *See United States v. Harris*, 154 F.3d 1082, 1084 (9th Cir. 1998).

In *Harmelin*, the Supreme Court upheld a life sentence without the possibility of parole for an offender who had no prior felony convictions and whose sole conviction was for possessing 672 grams of cocaine.  501 U.S. at 995, 961.  In *Andrade*, the Supreme Court, under the highly deferential AEDPA standard, upheld a sentence of two consecutive 25 year terms for the nonviolent theft of $150 worth of videotapes.  538 U.S. at 77.

Under these precedents, petitioner has not stated a claim that is remediable under federal habeas review.  Petitioner was sentenced to an indeterminate life-term for beating and sodomizing a partially-paralyzed 70-year-old man.  *People v. Saeliaw*, No. A120887, 2010 WL 1661108, at *1 (Cal. Ct. App. January 15, 2010).  If, as in *Harmelin*, a life sentence for a nonviolent drug possession conviction was found not to violate the Eighth Amendment, then petitioner's indeterminate life sentence for his violent crimes similarly will not rise to a violation of the Eighth Amendment.

Furthermore, petitioner, who was 16 at the time of the crimes, does not fall under any exceptions to the general Eighth Amendment proportionality rule announced above.  The Supreme Court has found that specific sentences for certain categories of persons do violate this Eighth Amendment rule.  For example, the Supreme Court has found that death sentences for juveniles, *Roper v. Simmons*, 543 U.S. 551 (2005), and the mentally retarded, *Atkins v. Virginia*, 536 U.S. 304 (2002), and sentences of life without parole for juveniles for non-homicide convictions, *Graham v. Florida*, 130 S. Ct. 2011 (2010), are categorically disproportionate and therefore violate the Eighth Amendment.  Petitioner was not sentenced to death nor to a term of life without parole, but rather to a term of 25 years-to-life, plus nine years.

Petitioner having failed to state a claim remediable on federal habeas review, the petition is DISMISSED WITH LEAVE TO AMEND. Petitioner shall file an amended petition within 30 days from the date this order is filed. The first amended petition must include the caption and civil case number used in this order (11-2716 RS (PR)) and the words FIRST AMENDED PETITION on the first page. Because an amended petition completely replaces the previous petition(s), petitioner must include in his first amended petition <u>all</u> the claims he wishes to present. Petitioner may <u>not</u> incorporate material from the prior petition by reference. Failure to file an amended petition in accordance with this order will result in dismissal of this action without further notice to petitioner.

It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action.

**IT IS SO ORDERED**.

DATED: August 11, 2011

RICHARD SEEBORG
United States District Judge